1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,           )  CASE NO. CR 88-00504 MMM
                                         )
12              Plaintiff,               )
                                         )
13              vs.                      )  ORDER DENYING DEFENDANT'S
                                         )  MOTION FOR REDUCTION OF SENTENCE
14   LESESTER DUVA MCDOUGHERTY,          )
                                         )
15              Defendant.               )
                                         )
16                                       )
                                         )
17

18        On August 8, 2006 defendant Lesester Duva McDougherty filed a "Motion To Modify Sentence

19   Pursuant to 18 U.S.C. § 3582(c)(2)."  McDougherty was convicted of distribution of a controlled

20   substance and related counts following his trial in 1988, and sentenced to 262 months' imprisonment

21   followed by six years of supervised release.  McDougherty argues that his sentence should be reduced

22   because it was based on a guideline range that was subsequently lowered by the Supreme Court's

23   decision in *United States v. Booker*, 543 U.S. 220 (2005).[1]

24        Having considered the briefs submitted by the parties, and reviewed the criminal case file,

25   the court denies defendant's motion for reduction of sentence.  The court also notes that defendant

26

27

28        [1]The court issued a minute order, setting a briefing schedule on McDougherty's motion. The
     government filed a response on September 25, 2006.  McDougherty did not file a reply.

1   is ineligible for a reduction of sentence under Amendment 706 to the United States Sentencing

2   Guidelines.

3

4                              **I.  FACTUAL BACKGROUND**

5       **A.      Conviction**

6           On August 25, 1988, McDougherty was convicted on both counts of a two-count indictment

7   arising out of a sale of cocaine base that occurred on April 21, 1988.  The counts of conviction were

8   (1) distribution of a controlled substance within 1000 feet of an elementary school in violation of

9   18 U.S.C. §§ 841(a)(1) and 845(a), and (2) possession with intent to distribute in excess of 10 grams

10  cocaine base in violation of 18 U.S.C. §§ 2 and 841(a)(1).

11      **B.      Presentence Report**

12          In preparation for sentencing, the United States Probation Office issued a Presentence Report

13  ("PSR").  Applying U.S.S.G. § 2D1.3(a)(2)(B), the Probation Office calculated McDougherty's base

14  offense level as 26.[2]  It also found that McDougherty was a "career offender" within the meaning of

15  U.S.S.G. § 4B1.1. The PSR stated:

16          "[T]he defendant was convicted of robbery in 1981 and felony battery in 1984, both

17          violent felonies.  Since the instant offense involves a controlled substance offense and

18          the defendant was 18 years or older at the time of its commission, the defendant is a

19          career offender within the meaning of Section 4B1.1 of the Guidelines."[3]

20  Based on McDougherty's "career offender" status, the Probation Office calculated a total offense level

21  of 34.[4]  It also found, pursuant to U.S.S.G. § 4B1.1, that McDougherty's "career offender" status placed

22  him in criminal history category VI.[5]  Based on a total offense level of 34, and a criminal history

23

24          [2]PSR, ¶¶ 25-32. U.S.S.G. § 2D1.3(a)(2)(B) is now U.S.S.G. § 2D1.2(a).

25          [3]PSR, ¶ 33.

26
          [4]PSR, ¶ 33-34. In pertinent part, U.S.S.G. § 4B1.1 mandates that the base offense level of a
27  "career offender" facing a statutory maximum penalty of 25 years to life is 34.

28          [5]PSR, ¶ 49.

                                            2

1  category of VI, the Probation Office calculated a sentencing range of 262 to 327 months.[6]

2  The Probation Office also determined that a period of six years of supervised release was

3  statutorily required. The PSR stated:

4  "21 U.S.C. § 841(b)(1)(B) mandates a four-year minimum term of supervised release for

5  Count 2.   However, 21 U.S.C. § 845(a) provides that there be at least twice any

6  supervised release term authorized by Section 841(b) of Title 21 for a first offense.

7  Therefore, there is a mandatory six-year minimum term of supervised release for Count

8  1. . . .   According to Section § 5D3.2(a), if a defendant is convicted under a statute that

9  requires a term of supervised release, the term shall be at least three years, but not more

10 than five years, or the minimum term required by statute, whichever is greater."[7]

11 **C.     Sentencing**

12 McDougherty objected to the guideline calculation contained in the PSR, arguing (1) that he

13 could not be classified as a "career offender" because his 1981 robbery conviction was not a violent

14 felony, and (2) that the calculation of his criminal history score violated due process and equal

15 protection.[8]  On April 20, 1989, after considering, *inter alia*, the PSR and defendant's sentencing

16 position, Judge Mariana R. Pfaelzer sentenced McDougherty to concurrent terms of 262 months on each

17 count, and placed him on supervised release for concurrent terms of six years on Count 1 and four years

18 on Count 2.[9]

19 **D.     Direct Appeal and § 2255 Motion**

20 On July 11, 1990, McDougherty appealed his conviction and sentence to the Ninth Circuit, which

---

24 [6]PSR, ¶ 53. The PSR also notes that without the "career offender" determination, the applicable Guideline range would have been 120 to 150 months.

25 [7]PSR, ¶ 54-55.

26 [8]Supplemental Position Statement Regarding Sentencing Factors ("Position Statement") at 2-11.

28 [9]Transcript of Sentencing (April 20, 1989) ("Sentencing Tr.") at 11.

3

affirmed in all respects on November 28, 1990.[10] *United States v. McDougherty*, 920 F.2d 569 (9th Cir. 1990). His conviction became final when the Supreme Court denied certiorari on March 4, 1991. *McDougherty v. United States,* 499 U.S. 911 (1991). McDougherty thereafter filed a § 2255 motion, which the district court denied; the Ninth Circuit once again affirmed. *McDoughtery v. United States*, No. 92-56462, 1993 U.S. App. LEXIS 23093, *2 (9th Cir. 1993). In 2003, McDougherty filed a 28 U.S.C. § 2241 habeas petition challenging his sentence in the United States District Court for the District of Kansas. *McDoughtery v. Booker*, No. 02-3416, U.S. App. LEXIS 9334 at *2 (10th Cir. 2003). The district court's denial of this petition was affirmed by the Tenth Circuit. *Id.*

### E.    Present Motion for Reduction of Sentence

McDougherty now seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2), asserting that Judge Pfaelzer's order that he spend 262 months in custody was based on a sentencing range that was subsequently lowered by the United States Supreme Court in *United States v. Booker*.[11] McDougherty argues that *Booker* effectively supplants the Sentencing Commission guidelines for purposes of analyzing whether his sentence can be reduced under 18 U.S.C. § 3582(c)(2).[12]

McDougherty also asserts that *Booker* requires that, because it is an element of the offense, the quantity of drugs in a 21 U.S.C. § 841(a) case must be found by a jury beyond a reasonable doubt.[13] The jury did not make a finding as to the quantity of drugs at McDougherty's trial; consequently, he argues that he was sentenced in violation of his Sixth Amendment right to have every element of his offense found by a jury beyond a reasonable doubt.[14]

McDougherty contends that "the lowest available drug quantity table would satisfy the

---

[10]McDougherty unsuccessfully appealed, *inter alia*, his classification as a "career offender." *McDougherty*, 920 F.2d at 572-75.

[11]Motion To Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Def.'s Mot.") at 2.

[12]*Id.* at 2.

[13]*Id.* at 1.

[14]*Id.* at 2.

remaining months of his current sentence."[15]  He requests, as a result, that the court modify his sentence to six months, and place him in a halfway house for those six months.[16]

## II. DISCUSSION

**A.      Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)**

**1.        Legal Standard Governing Motions Under § 3582(c)(2)**

Section 3582(c)(2) of Title 18 provides that:

"The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

A motion for reduction of sentence under § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the guidelines." *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (internal quotation marks omitted)).

Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision.  See 18 U.S.C. § 3582(c)(2) ("[T]he court *may* reduce the term of imprisonment" (emphasis added)); *Townsend*, 98 F.3d at 512 ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge"); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993) ("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,'" quoting 18 U.S.C. § 3582(c)(2)).

---

[15]*Id.* at 3.

[16]*Id.*

In determining whether a sentence should be modified following amendment of the guidelines, "the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced. . . ." U.S.S.G. § 1B1.10(b). In addition, the court should determine whether a reduced sentence is warranted in light of the factors set forth in 18 U.S.C. § 3553(a).[17] See *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("In considering a motion for such a reduction, we have held that a district court must engage in a two-part analysis. Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed. . . . The next step is for the court to decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)").

If an amendment to the guidelines does not change the original sentencing analysis, a motion for reduction of sentence under § 3852(c)(2) is properly denied. See *Townsend*, 98 F.3d at 513 ("Because

---

[17]Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed:

"(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

　　(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

　　(B)     to afford adequate deterrence to criminal conduct;

　　(C)     to protect the public from further crimes of the defendant; and

　　(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for –

　　(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

　　. . . .

(5)     any pertinent policy statement . . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense."   18 U.S.C. § 3553(a).

Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)").

**2.   *Booker* Is Not Equivalent to a Decision by the Sentencing Commission to Reduce the Applicable Sentencing Range**

By the terms of § 3852(c)(2), the court has authority only to modify a sentence when a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (holding that "§ 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range" (emphasis original)).   Consequently, *Booker* does not provide a basis for sentence reduction under § 3582(c)(2). *Id.*; see also *United States v. Rolle*, No. 05-7554, 2006 WL 177596,*1 (4th Cir. Jan. 25, 2006) (Unpub. Disp.) (holding that a sentence reduction based on *Booker* was "unavailable" under § 3582(c)(2)); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that *Booker* is a not a retroactively applicable guideline amendment by the Sentencing Commission, and is therefore "inapplicable to § 3582(c)(2) motions"); *United States v. Sanchez*, No. 05-2636, 2005 WL 1798284, *1 (3d Cir. Aug. 1, 2005) (Unpub. Disp.) (holding that § 3582(c)(2) does not permit a reduction in sentence based on a Supreme Court decision that is not related to an actual amendment of the Guidelines); *Hayes v. United States*, No. 04-4158, 2005 WL 1523491, *2 (7th Cir. Jun. 29, 2005) (Unpub. Disp.) (holding that § 3582(c)(2) does not authorizes an inmate to file a motion to reduce his sentence based on new case law); *United States v. Privette*, No. 04-10758, 2005 WL 995951, *1 (5th Cir. Apr. 29, 2005) (Unpub. Disp.) (holding that by its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines). Consequently, the court denies McDougherty's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).

**3.   Defendant Is Not Eligible to Receive a Sentence Reduction Under Amendment 706 to the Sentencing Guidelines**

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Guidelines ranges applicable to crack cocaine offenses. *See* U.S.S.G. Supp. To App'x C, Amend. 706 (Nov. 1, 2007); *United States v. Wise*, 515 F.3d 207, 221 (3d Cir.

7

2008).  In general, the effect of Amendment 706 is to decrease by two levels the base offense level for crack cocaine offenses.  See U.S.S.G. Supp. to App'x C, Amend. 706;  U.S.S.G. § 2D1.1 (Nov. 1, 2007).  Under U.S.S.G. § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," a reduction in sentence under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is listed in § 1B.10(c).  See U.S.S.G. § 1B1.10(c) (Nov. 1, 2007).  On March 3, 2008, Amendment 706 took effect, and is now listed in  § 1B.10(c).  See 73 Fed.Reg. 217-01 (Jan. 2, 2008).  The Sentencing Commission has also given Amendment 706 retroactive effect.  See *id.*

Amendment 706 does not assist defendants deemed "career offenders" under the Sentencing Guidelines.  See *United States v. Burrell*, No. 2:02-cr-96-FTM-29DNF, 2008 WL 434728, *1 (M.D. Fla. Feb. 14, 2008) (suggesting that defendant was not eligible for sentence reduction under Amendment 706 because he was sentenced as a career offender and his guideline range was not affected by the two-level reduction in offense level); *United States v. Pizarro*, No. 98-cr-148-01-PB, 2008 WL 351581, *1 (D.N.H. Feb. 8, 2008) ("The retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender"); *United States v. Lemieux*, No. 05-cr-274-01-PB, 2008 WL 361016, *1 (D.N.H. Feb. 8, 2008) (same).

McDougherty does not qualify for a § 3582(c)(2) sentence reduction under Amendment 706, because a two-level reduction in his base offense level would have had no effect on the guideline calculation or the sentence he received.  Had McDougherty's base offense level been 24 instead of 26, his total offense level would still have been 34, as required by U.S.S.G. § 4B1.1, because he was deemed a career offender.  Because a two-level reduction in McDougherty's base offense level would have no effect on the applicable guideline range, the court finds no reason to exercise its discretionary power to reduce McDougherty's sentence under 18 U.S.C. § 3582(c)(2).

**B.      Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

In general, "[p]ro se petitioners' arguments must be liberally construed."  *United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990) (per curiam) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).  McDougherty argues that the trial court found that the quantity

of drugs was a sentencing factor, not an element of the offense.  As a result, his motion could be construed as a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his original sentence.  See *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" (citation omitted)).  The court will therefore consider McDougherty's motion under the framework of 28 U.S.C. § 2255.[18]

**1.    Legal Standard Governing § 2255 Motions And "Second Or Successive Motions"**

A petitioner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Section 2255 states:

> "a prisoner in custody under sentence of a court established by an Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of the

---

[18]A district court may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," for instance, "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of the law, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted).  In *Castro*, the Supreme Court limited a court's ability unilaterally to recharacterize a *pro se* prisoner's motion as his first § 2255 application.  *Id.* at 383.  The Court held that "[i]n such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Id.*  Here, the court need not warn McDougherty of the consequences of recharacterization, or afford him an opportunity to withdraw or amend his motion, since he previously filed a motion under § 2255.  Compare *id.* ("The limitation applies when a court recharacterizes a pro se litigant's motion *as a first § 2255 motion*" (emphasis added)); see also *Oritz v. Stewart*, 195 F.3d 520, 520 (9th Cir. 1999) (affirming the district court's treatment of a prisoner's Rule 60(b) motion as a successive habeas petition, and holding that the motion was properly dismissed because the prisoner's "ineffective assistance of counsel claim presented by the Rule 60(b) motion was previously raised and considered in his first habeas petition," citing 28 U.S.C. § 2244(b)(1) and *Thomas v. Calderon,* 151 F.3d 918, 920-21 (9th Cir. 1998)).

1  maximum authorized by law, or is otherwise subject to collateral attack, may move

2  the court which imposed the sentence to vacate, set aside or correct the sentence."

3  28 U.S.C. § 2255, ¶ 1.

4  Section 2255 imposes certain procedural requirements for the filing of a "second or

5  successive motion."  Specifically, it requires that "[a] second or successive motion . . . be certified

6  as provided in section 2244 by a panel of the appropriate court of appeals as containing:

7  "(1)    newly discovered evidence that, if proven and viewed in light of the evidence

8        as a whole, would be sufficient to establish by clear and convincing evidence

9        that no reasonable fact finder would have found the movant guilty of the

10        offense; or

11  (2)    a new rule of constitutional law, made retroactive to cases on collateral review

12        by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255,

13        ¶ 8.

14        **2.      Defendants' Motion Is Barred as a Procedurally Improper Second or**

15        **Successive § 2255 Petition**

16  In general, a § 2255 motion is deemed "second or successive" if a prior § 2255 application

17  was adjudicated on the merits.  See *Green v. White*, 223 F.3d 1001, 1002 n. 1 (9th Cir. 2000).  As

18  discussed, McDougherty's first petition for habeas relief was denied on the merits.  To the extent

19  the present motion raises claims cognizable under § 2255, therefore, it is McDougherty's second §

20  2255 petition.  Because McDougherty's motion has not been certified by the court of appeals as

21  required by § 2244, the court lacks jurisdiction to entertain it, and the petition must be dismissed.  See

22  *United States v. Alvarez-Ramirez*, 128 F.Supp.2d 1265, 1267 (C.D. Cal. 2001) (holding that the district

23  court did not have jurisdiction to entertain petitioner's second § 2255 motion, asserting that his sentence

24  was unconstitutional, because it had already denied petitioner's first § 2255 motion, alleging ineffective

25  assistance of counsel, on the merits).[19]

26

27        [19]Even were the court to consider the issue on the merits, it would deny McDougherty's motion.
   McDougherty argues that *Booker* should be applied retroactively to reduce his sentence.  the Ninth

28  Circuit has held, however, that *Booker* does not apply to cases on collateral review where the conviction

**III.  CONCLUSION**

For the foregoing reasons, defendant's motion for reduction of sentence under both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255 is denied.

DATED: March 18, 2008

_____

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

_____

was final as of the date of *Booker*'s publication.  *United States v. Cruz,* 423 F.3d 1119, 1121 (9th Cir. 2005). As the court explained:

> "Under the framework originated in *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), a new rule of constitutional law generally does not apply to convictions that have become final. . . .  In order to have retroactive effect, new rules either must be substantive or, if procedural, they must be 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.' *Schriro v. Summerlin*, 542 U.S. 348, . . . (2004) (internal quotations omitted). [*B*]*ooker* does not meet any of the *Teague* exceptions, and thus does not operate retroactively."

*Cruz,* 423 F.3d at 1120.  McDoughtery's conviction was final well before *Booker* was published. *McDougherty*, 499 U.S. 911.  *Booker* is therefore inapplicable.

11